IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AUDRA DRAPER,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SAXON ASSET SECURITIES TRUST 2007-3, MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2007-3; OCWEN LOAN SERVICING, LLC; AND GUY WIGGS,** | § § § § § § § § | Civil Action No. **3:18-CV-02904-L** |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 5), filed November 6, 2018; and Defendants' Motion to Dismiss and Brief in Support (Doc. 8), filed December 12, 2018. After careful consideration of the motions, responses, replies,[1] record, pleadings, and applicable law, the court **denies** Plaintiff's Motion to Remand (Doc. 5) and **grants** Defendants' Motion to Dismiss (Doc. 8).

**I.     Background**

On September 26, 2018, Plaintiff Audra Draper ("Plaintiff" or "Ms. Draper"), proceeding *pro se*, filed *Plaintiff's Original Petition for Declaratory Judgment* ("Petition") (Doc. 1-5) in the 116th Judicial District Court of Dallas County, Texas. In the Petition, Ms. Draper alleges several

---

[1] Plaintiff filed a Response to Defendants' Reply in Support of Motion to Dismiss (Doc. 11). Given the procedural posture of the action, the court considers this filing a sur-reply. Usually, the court does not allow a party to file a sur-reply without seeking leave of court, which Plaintiff failed to do. Generally, a sur-reply filed without seeking leave is disregarded by the court; however, as Plaintiff is proceeding *pro se*, the court will consider her sur-reply in its analysis.

**Memorandum Opinion and Order – Page 1**

causes of action against Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-3, Mortgage Loan Asset Backed Certificates, Series 2007-3 ("Deutsche Bank"); Ocwen Loan Servicing, LLC ("Ocwen"); and Guy Wiggs ("Mr. Wiggs") (collectively, "Defendants"), including: (1) fraud; (2) fraudulent industry practices; (3) unlawful foreclosure; (4) action to quiet title; (5) civil conspiracy; and (6) lack of due process.  These claims stem from Plaintiff's allegations that the foreclosure sale of her residence was defective because of fraudulent conduct by Deutsche Bank, and Mr. Wiggs's lack of authority to act as a substitute trustee.  Pl.'s Original Pet. 2-3.

Specifically, Ms. Draper contends that Ocwen and Deutsche Bank mismanaged her home loan by communicating false payment information, not properly applying payments, communicating incorrect balance information, engaging in "robo signing," and charging improper fees.  *Id*. at 4.  Additionally, she alleges that the foreclosure sale of the property at 6002 Bluewood Drive, Garland, Texas, 75043[2] was unlawful, as she did not receive notice of the sale, and Mr. Wiggs conducted the sale without authority, as he was not appointed as a substitute trustee.

On October 31, 2018, Defendants removed this action to federal court on the basis that diversity of citizenship exists between the parties, except for Mr. Wiggs, and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  On November 6, 2018, Ms. Draper filed a motion to remand to state court, contending that this court lacks subject matter jurisdiction because complete diversity does not exist between the parties.  Defendants contend that Mr. Wiggs,

---

[2] The property description for this property is as follows:

> LOT 15, BLOCK 2, OF RUSTIC OAKS ESTATES NO. 1, AN ADDITION TO THE CITY OF GARLAND, DALLAS COUNTY, TEXAS, AS AFFECTED BY CERTIFICATE OF CORRECTION RECORDED IN VOLUME 2000173, PAGE 4760 OF THE DEED RECORDS, DALLAS COUNTY, TEXAS.

Pl.'s Original Pet. ¶ 10.

who Plaintiff alleges is a citizen of Texas,[3] was fraudulently joined to defeat diversity and, accordingly, contends that removal was proper, and remand should be denied. On December 12, 2018, Defendants filed their Motion to Dismiss and Brief in Support (Doc. 8).

## II.     Plaintiff's Motion to Remand

### A.  Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co*., 385 F.3d 568, 574 (5th Cir. 2004) (en banc). In *Smallwood,* the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id.* at 571 n.1. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, Defendants have the burden to establish that Guy Wiggs was joined by Ms. Draper to defeat federal jurisdiction. *Id.* at 575. The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction

---

[3] In Plaintiff's Petition, she makes a conclusory statement that "Defendant Guy Wiggs is a man who resides in Texas," but she fails to provide any evidence supporting this conclusion. Instead, she asserts that "[h]e can be served with citation by c/o Power Default Services, Inc. Northpark Town Center, 1000 Abernathy Rd NE; Bldg. 400, Suite 200, Atlanta, GA 30328."

**Memorandum Opinion and Order – Page 3**

if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

To establish improper joinder, Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Defendants do not assert fraud on the part of Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id.* If there is a reasonable possibility that a plaintiff can recover on any

of his or her claims, there is no improper joinder, and the case must be remanded. *Smallwood*, 385 F.3d at 575. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted). To determine whether a party was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). On the other hand, if there is no reasonable possibility for predicting liability against the non-diverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant;" or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to post-removal filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution

of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

In *International Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, the Fifth Circuit addressed whether the state or federal pleadings standard applies to the issue of improper joinder, holding that a federal court must apply the federal pleading standard. 818 F.3d 193, 208 (5th Cir. 2016). The federal pleading standard is that used for addressing a motion under Federal Rule of Civil Procedure 12(b)(6).

### B. Discussion

In support of their argument that no reasonable basis exists to predict that Plaintiff could recover against Mr. Wiggs, Defendants assert that he is "shielded from liability by a safe harbor provision of the Texas Property Code." Defs.' Resp. to Mot. to Remand 4 (Doc. 6) (citations omitted). Plaintiff, however, challenges Mr. Wiggs's role as a substitute trustee, and viewing the facts in her favor, the court must consider whether she has sufficiently pleaded a plausible claim against him in his individual capacity. Given that Plaintiff raises multiple claims alleging that the Defendants' collective conduct was unlawful, the court cannot reasonably ascertain all of the claims she is alleging against Mr. Wiggs individually. Given that Ms. Draper is *pro se,* however, the court shall liberally construe her pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* pleadings are held to a less formal standard than pleadings drafted by lawyers). Even under this more liberal standard, the court can only reasonably infer that Plaintiff asserts one claim against Mr. Wiggs. Accordingly, and for the purposes of a 12(b)(6) analysis as required by *Smallwood,* the court will analyze the unlawful foreclosure claim against Mr. Wiggs, as this is the only claim that mentions him specifically. Thus, the court now turns to whether there is a

reasonable basis to predict that Plaintiff can recover on an unlawful foreclosure claim against Mr. Wiggs.

To state a claim for wrongful foreclosure under Texas law and survive a 12(b)(6) analysis, Ms. Draper must allege sufficient allegations to establish the following elements: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a casual connection between the defect and the grossly inadequate selling price." *Collins v. Bayview Loan Serv.*, 416 S.W.3d 682, 689 n.7 (Tex. App.—Houston [14th Dist.] 2013) (citation omitted).

Accepting her facts as true, the court determines that Plaintiff has sufficiently pleaded allegations against Mr. Wiggs for the court to reasonably ascertain that his conduct created a defect in the foreclosure sale proceedings. Specifically, she asserts that "he was not a delegated or authorized trustee" and, thus, "conducted the foreclosure sale without authority." Pl.'s Original Pet. ¶¶ 47-48. She fails, however, to sufficiently plead allegations in support of the remaining elements of the claim. Thus, on its face, Plaintiff's Petition fails to state a claim against Mr. Wiggs upon which relief can be granted and, accordingly, fails to survive a 12(b)(6) analysis. Given the inartful draftsmanship of the pleadings, however, it is possible that Plaintiff alleges that Mr. Wiggs engaged in unlawful conduct supporting the remaining claims, but the court cannot reasonably make such an inference from the allegations as pleaded. Consequently, the court has no pause in determining there is no basis to reasonably conclude that Plaintiff might be able to recover on her claims of fraud, fraudulent industry practices, civil conspiracy, or suit to quiet title.

Even if the court determines that Plaintiff's Petition survives a Rule 12(b)(6) analysis, the court then must analyze Plaintiff's Petition using the "discrete and undisputed facts" analysis detailed in *Smallwood*. Applying this standard, Plaintiff still fails to establish that Mr. Wiggs is properly joined. Here, Ms. Draper's allegations against Mr. Wiggs stem solely from her assertion

that he was "never named in the appointment of trustee document, [but] nevertheless gave notice of foreclosure and signed the Substitute Trustee's Deed." Pl.'s Mot. to Remand ¶ 4.  In response, Defendants refer the court to the "Notice of [Substitute] Trustee Sale," filed September 28, 2017, with the Dallas County Clerk, showing Mr. Wiggs as one of many individuals authorized as a substitute trustee.  They further contend that his appointment through the "Notice of [Substitute] Trustee Sale" properly bestowed authority on him, as it complies with section 51.0076 of the Texas Property Code, which states:

> The appointment or authorization of a trustee or substitute trustee made in a notice of sale is effective as of the date of the notice if the notice:
>
> (1) complies with Section 51.002 and 51.0075(e);
> (2) is signed by an attorney or agent of the mortgagee or mortgage servicer; and
> (3) contains a statement in all capital letters, boldface type, to read as follows:
>
> THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OR THE MORTGAGEE OR MORTGAGE SERVICER.

According to Defendants, the notice complies with these requirements, and, therefore, Mr. Wiggs is not a proper party to Plaintiff's challenge of the foreclosure of her residence, as he was acting in his official capacity as a substitute trustee pursuant to section 51.007 of the Texas Property Code.[4]  Moreover, they assert that Ms. Draper makes no allegation that Mr. Wiggs, in his

---

[4] Section 51.007 of the Texas Property Code states in pertinent part:

> (a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.
> . . .
> (f) A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party.

official capacity, acted in bad faith, and, thus, she failed to allege any recoverable claim against him. *See* Tex. Prop. Code § 51.007(f).

In her reply, Ms. Draper concedes that her claims against Mr. Wiggs stem solely from his capacity as a substitute trustee, but she continues to challenge his authority to serve in that capacity. Pl.'s Reply to Mot. to Remand ¶¶ 4-5, 8-12 (Doc. 7). Specifically, she directs the court to the "Appointment of Substitute Trustee," filed March 4, 2015, with the Dallas County Clerk's Office, demonstrating that Guy Wiggs was not listed as a potential substitute trustee at that time. Considering both documents presented by the parties, the court concludes that Mr. Wiggs was properly appointed as a substitute trustee and, thus, had authority to execute the foreclosure sale of the property at 6002 Bluewood Drive, Garland, Texas, 75043. Defendants' documentation negates Plaintiff's assertion, and her misguided reliance on an earlier document, that Mr. Wiggs was not authorized to execute the sale. Plaintiff's misstatement of this fact derails her attempt to join Mr. Wiggs in this action. Moreover, the court takes judicial notice of the "Notice of [Substitute] Trustee Sale," filed with the Dallas County Clerk's Office on September 28, 2017, and concludes that Mr. Wiggs's appointment as a substitute trustee is not in dispute.

As Mr. Wiggs was authorized to act in his official capacity as a substitute trustee, and Plaintiff does not assert any allegations that he acted in bad faith within this role, he is shielded from liability in his official capacity. *See* Tex. Prop. Code § 51.007(f). Accordingly, the court determines there is no reasonable basis for predicting that Ms. Draper could recover under Texas law against Defendant Guy Wiggs, in his individual or official capacity, on any claim asserted in the Petition, and, accordingly, Mr. Wiggs was improperly joined to defeat diversity of citizenship jurisdiction. The court, therefore, concludes that it has jurisdiction over this action based on diversity jurisdiction, and it will disregard Mr. Wiggs's citizenship.

**III.    Defendants' Motion to Dismiss**

As the court has established that it has subject matter jurisdiction based on diversity of citizenship, it now considers Defendants' Motion to Dismiss and Brief in Support (Doc. 8).

**A.  Legal Standard – Rule 12(c)**

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial.  Fed. R. Civ. P. 12(c).  "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted).  If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings."  *Id*.  (footnote omitted).  A "defendant may not move under Rule 12(c) prior to filing an answer."  *Id*. at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted).  A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v.*

*Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the

plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a

plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B. Discussion

#### 1. Unlawful Foreclosure

As the court indicated in its discussion related to the Motion to Remand, Plaintiff failed to sufficiently plead allegations to support a claim for unlawful foreclosure. In support of this conclusion, Defendants highlight that Plaintiff still resides at the property at issue and, accordingly, is precluded from recovery for an unlawful foreclosure claim. Defs.'s Mot. to Dismiss 4 (citing a long line of Texas authority supporting this proposition). The court agrees.

Plaintiff does not provide any direct response to Defendants' assertions. Instead, she concedes that Guy Wiggs was properly appointed as substitute trustee and that his appointment was defective, as it was not authorized by an attorney or authorized agent of the mortgagee or mortgage service provider. Pl.'s Sur-reply ¶¶ 7-12. This argument, however, fails, as the property records clearly designate Ms. Melisa Jones as a possible authorized agent for Defendant Ocwen. Thus, Plaintiff's argument is without merit.

Instead of responding to Defendants' motion in defense of her claims, Plaintiff contends that "[r]egardless of how eloquently Defendants' attorneys wax on about the rules and case opinions," this court does not have jurisdiction. Pl.'s Resp. to Mot. to Dismiss 2 (Doc. 9). She further contends that she "reserve[s] all rights to respond to any valid motion for failure to state a claim if the Court does not remand the case to the proper court." Pl.'s Sur-reply ¶ 3 (Doc. 11). Ms. Draper, however, is mistaken. As Ms. Draper presented no argument in defense of her unlawful foreclosure claim, or any of her claims as later discussed, in response to the Defendants' motion to dismiss, the court concludes that she has abandoned this claim. *Black v. Panolo Sch.*

*Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding Plaintiff abandoned or waived her retaliatory abandonment claim when she failed to defend her claim in response to a motion to dismiss). Further, the court determines that Plaintiff has failed to sufficiently plead allegations supporting an unlawful foreclosure claim, and, therefore, it will grant Defendants' Motion to Dismiss as it relates to this claim.

### 2. Fraud, Fraudulent Industry Practices, and Civil Conspiracy

Defendant contends that "Plaintiff's purported 'fraudulent industry practice' and 'civil conspiracy' claims fail because Plaintiff has failed to assert a plausible, recognized cause of action." The court agrees that Plaintiff's reference to "fraudulent industry practice" does not clearly identify a claim; however, to the extent, that Plaintiff's allegations are sufficient to put Defendants on notice of their liability for a related cause of action, the court must consider that possibility. Recognizing this, Defendants assert that even if "fraudulent industry practice" and "civil conspiracy" are valid claims, Plaintiff fails to satisfy the Rule 9(b) heightened pleading standard, and, moreover, these claims are barred by the economic loss doctrine.

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.,* No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d

175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).

Here, Plaintiff fails to plead her fraud claims with the required level of specificity. Instead, she makes conclusory statements such as, "When Ocwen sent notices of past due balances or completely incorrect balance due, it knew they were false misrepresentations;" "Ocwen communicated false payment information . . . ;" and additional conclusory allegations against Defendants for fraudulent practices related to the mortgage loan. Pl.'s Original Pet. ¶¶ 21-40. Her allegations, however, are insufficient to plead a fraud claim capable of surviving a motion to dismiss for failure to state a claim. Even if Plaintiff met the heightened pleading requirements, her fraud-related claims as pleaded are barred by the economic loss doctrine, which states: "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 492, 494 (Tex. 1991). Stated differently, as Plaintiff's fraud-related claims arise solely based on Defendants' alleged conduct related to the mortgage loan, she is only able to recover based on contract principles, absent a showing she suffered a loss or damage beyond the contract itself. Based on the Petition, Ms. Draper's allegations regarding Defendants' alleged misrepresentations and fraudulent conduct stem from the parties' contractual relationship, and she fails to assert any extra-contractual loss or damage. The court, therefore, determines that her fraud-related claims as pleaded are also barred by the economic loss doctrine.

Similarly, the court determines that Plaintiff failed to plead sufficient facts to support her civil conspiracy claim based on fraud. Under Texas law, a claim for civil conspiracy is defined as a "combination of two or more persons to accomplish an unlawful purpose by unlawful means."

*Triplex Comm., Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995) (citation omitted). Additionally, the persons involved must intend to cause the alleged injury. *Id.* at 720 (citation omitted). Most importantly, Plaintiff's recovery for civil conspiracy is based on the underlying tort, which in this case is fraud. *See In re Lipsky*, 411 S.W.3d 530, 549 (Tex. App.—Fort Worth 2013) ("Recovery for civil conspiracy is not based on the conspiracy but on the underlying tort.") (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). As the court has determined that Plaintiff has failed to sufficiently plead her fraud-related claims, it further determines that her civil conspiracy claim fails for the same reason. Plaintiff provides no response to Defendants' assertions regarding these claims. Thus, the court concludes she has abandoned them. *See Panola Sch. Dist.*, 461 F.3d at 588 n.1. As Plaintiff, once again, has failed to sufficiently plead allegations supporting her claims, and she has not defended her claims beyond the initial petition, the court will grant Defendant's Motion to Dismiss as it relates to these claims.

### 3. Lack of Due Process Claim

Asserting a claim for lack of due process, Plaintiff contends that "Defendants have at all relevant times proceeded against [her] without affording [her] the warnings and notices mandated by the Texas Property Code." Pl.'s Original Pet. ¶ 56. The court only recognized two statements that it could reasonably infer support Plaintiff's lack of due process claim: (1) "Ocwen did not send a default with notice to cure;" and (2) "Ocwen did not send a notice of sale." Plaintiff failed, however, to plead allegations supporting her claim that *both* Ocwen and Deutsche Bank deprived her of due process and also failed to state a specific provision that Defendants violated through their alleged conduct, thereby putting them on notice of possible liability. Defendants raise these issues in its motion, yet Plaintiff again provides no evidence or arguments to the contrary.

Accordingly, the court determines that Ms. Draper has also abandoned her claim for lack of due process, and the court, therefore, will grant Defendants' motion to dismiss as it relates to this claim.

### 4. Suit to Quiet Title

In support of her suit to quiet title, Ms. Draper asserts she is the true and valid owner of the property at issue, as Defendants engaged in "fraudulent and deceptive actions . . . in concert to effectuate a real estate fraud." Pl.'s Original Pet. ¶¶ 50-51. Under Texas law, to state a claim to quiet title, Plaintiff has the "burden of supplying the proof necessary to establish [her] superior equity and right to relief." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009) (citations omitted). Aside from conclusory statements, Plaintiff has failed to sufficiently plead allegations that she has superior equity and right to relief in the property. Defendants contend that not only has Plaintiff failed to sufficiently plead allegations in support of a suit to quiet title, but also her "Petition is devoid of any facts demonstrating that [she] has tendered the amount owed on the loan." (string of case citations omitted). The court agrees.

On the face of the pleadings, Ms. Draper essentially pleads herself out of this claim by acknowledging that the loan is in default and that she still owes back payments on the loan. *See* Pl.'s Original Pet. 8; *see also Cook-Bell v. Mortgage Elec. Reg. Sys. Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) ("Texas courts have made clear that a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.") (internal quotations and citation omitted). Plaintiff, once again, does not address Defendants' assertions and, thus, has abandoned her suit to quiet title. *See Panola Sch. Dist.*, 461 F.3d at 588 n.1. Plaintiff, therefore, is not entitled to recovery in a suit to quiet title as it relates to this property, and accordingly, the court will grant Defendants' Motion to Dismiss as it relates to this claim.

As discussed, Plaintiff has failed to sufficiently plead allegations supporting all claims asserted in her Petition. The court, therefore, will grant Defendants' Motion to Dismiss. The court now considers whether it should allow Ms. Draper to amend her pleadings.

### C. Amendment of Pleadings

In response to Defendants' motion to dismiss, Ms. Draper did not request to amend her pleadings in the event the court determined that she failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Considering this standard, the court determines that Plaintiff should not be permitted to replead her claims for unlawful foreclosure and suit to quiet title. Even though Plaintiff has not previously amended her pleadings, for the reasons discussed in this opinion, the court concludes doing so would be futile. The court, however, determines that she should be permitted to replead her fraud-related, civil conspiracy, and lack of due process claims, as permitting an amendment for these claims would not be futile at this stage. Moreover, as no scheduling order has been issued in this case, the court does not believe that Defendants would be unduly prejudiced by the amended

pleading. The court, therefore, will allow Plaintiff to replead her fraud-related, civil conspiracy, and lack of due process claims against Defendants Deutsche Bank and Ocwen.

## IV. Conclusion

For the reasons herein stated, Defendant Guy Wiggs was improperly joined to destroy diversity of citizenship between the parties. Accordingly, the court **disregards** Mr. Wiggs's citizenship, **holds** that complete diversity exists between the parties and that it has jurisdiction to entertain this action, and **denies** Plaintiff's Motion to Remand (Doc. 5), including her request for exemplary damages and attorney's fees.

Further, the court **grants** Defendants' Motion to Dismiss (Doc. 8), and, accordingly, **dismisses with prejudice** Plaintiff's claims for unlawful foreclosure and suit to quiet title. The court, however, rather than dismiss the remaining claims related to fraud, civil conspiracy, and lack of due process, permits Plaintiff to **replead** these claims against Defendants Deutsche Bank and Ocwen. The amended pleading must be filed by **October 30, 2019**. Failure to replead in accordance with the court's directive and the standard enunciated herein will result in dismissal of these claims with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or dismissal of these claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order.

**It is so ordered** this 30th day of September, 2019.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge